UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  1:19cv2187

DAVID CUMMINGS,

    Plaintiff,

v.

IDEAL COLLECTION SERVICES, INC., SAN MICHELE CONDOMINIUM ASSOCIATION, INC., AND LAW OFFICES OF LOWENHAUPT SAWYERS AND SPINALE,

    Defendants
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District and sued in this District.

## PARTIES

3. Plaintiff, DAVID CUMMINGS, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

**Defendant Ideal Collection Services:**

4. Defendant, IDEAL COLLECTION SERVICES, INC. ("ICS"), is a corporation organized under the laws of the State of Florida. It is a citizen of the State of Florida with its

principal place of business at 5223 Ehrlich Rd, Suite A, Tampa, Florida 33624.

5. Defendant ICS is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is Brady Fougerousse, 5223 #A Ehrlich Road, Tampa, Florida 33624.

6. Defendant ICS is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant ICS regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant ICS is a "debt collector" as defined in the FDCPA.

**Defendant San Michele Condominium Association, Inc.:**

9. Defendant, SAN MICHELE CONDOMONIUM ASSOCATION, INC. ("SMC"), is a corporation organized under the laws of the State of Florida. It is a citizen of the State of Florida with its principal place of business at 1343 St. Tropez Circle, Weston, Florida 33326.

10. Defendant SMC is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324.

11. Defendant SMC is a "person" as defined in the FCCPA.

**Defendant Law Offices of Lowenhaupt Sawyers and Spinale:**

12. Defendant, LAW OFFICES OF LOWENHAUPT SAWYERS AND SPINALE ("Lowenhaupt"), is a corporation organized under the laws of the State of Florida. It is a citizen of the State of Florida with its principal place of business at 7765 S.W. 87TH Avenue, Suite 201, Miami, Florida 33173.

13. Defendant Lowenhaupt is headquartered at 7765 S.W. 87th Avenue, Suite 201, Miami, Florida 33173.

14. Defendant Lowenhaupt is a "person" as defined in the FCCPA.

## FACTUAL ALLEGATIONS

15. Plaintiff incorporates Paragraphs 1 through 14.

16. Defendants sought to collect from Plaintiff an alleged debt for a residential apartment renovation.

17. On or about October 18, 2018, Defendant SMC sent Plaintiff a Statement of Security Deposit Accounts with a balance of $4,291.00.

18. On or about October 30, 2018, Plaintiff e-mailed Defendant SMC disputing all of the charges reflected on the Statement of Security Deposit Accounts.

19. On or about November 21, 2018, the Assistant Property Manager of Defendant SMC e-mailed Plaintiff stating that Defendant SMC will not waive any charges.

20. On or about November 21, 2018, Plaintiff e-mailed the Assistant Property Manager of Defendant SMC refusing to pay for renovations to the property because he was only responsible for normal wear and tear not for full cost of completely renovating the property.

21. On or about November 21, 2018, the Assistant Property Manager of Defendant SMC e-mailed Plaintiff that Plaintiff's file will be sent to collections if payment is not received on said date.

22. On or about March 1, 2019, Plaintiff received a letter from Defendant ICS attempting to collect a debt.

23. On or about March 27, 2019, Plaintiff's former attorney Mr. Steven Lenoff

mailed Defendants SMC and ICS a letter of representation and requested that all collection efforts cease immediately and all communications be directed to Mr. Lenoff. See Exhibit "A'.

24. On or about April 20, 2019, a Notice of Intent from Defendant ICS was sent to Plaintiff. Plaintiff's former attorney was not copied.

25. On or about April 25, 2019, a revised Statement of Security Deposit Accounts was sent to Plaintiff from Defendant Lowenhaupt with a balance of $4,172.56 on behalf of Defendant SMC.

26. On or about May 2, 2019, Defendant Lowenhaupt mailed Plaintiff's former attorney.

27. Defendants ICS knew and had knowledge that Plaintiff was represented by an attorney in regards to the collections matter, Defendant ICS had knowledge of the Plaintiff's attorney's name, address and phone number. Defendant ICS had received communication from the Plaintiff's attorney informing Defendant ICS that all communications be directed to the attorney.

28. Defendant ICS caused to be sent communications to the Plaintiff after knowing that Plaintiff was represented by an attorney. See Exhibit "B".

29. Defendant ICS has violated the FDCPA when ICS communicated directly with the Plaintiff when ICS knew the Plaintiff was represented by an attorney in the matter concerning the alleged apartment debt.

30. Defendants SMC and Lowenhaupt knew and had knowledge that Plaintiff was represented by an attorney in regards to the collections matter, SMC and Lowenhaupt had knowledge of the Plaintiff's attorney's name, address and phone number. Defendant SMC received communication from the Plaintiff's attorney informing Defendant SMC that all

communications be directed to the attorney.

31. Defendant SMC caused to be sent communications to the Plaintiff through Defendant Lowenhaupt after knowing that Plaintiff was represented by an attorney. See Exhibit "C".

32. Defendants SMC and Lowenhaupt have violated the FCCPA when they communicated directly with the Plaintiff when they knew the Plaintiff was represented by an attorney in the matter concerning the alleged apartment debt.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

33. Plaintiff incorporates Paragraphs 1 through 32.

34. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant ICS for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72(18)

35. Plaintiff incorporates Paragraphs 1 through 34.

36. Defendants SMC and Defendant Lowenhaupt communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat.

§559.72 (18).

37. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant SMC and Lowenhaupt for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

    d. permanently enjoining Defendant from direct communication with Plaintiff; and

    e. Such other or further relief as the Court deems proper.

## COUNT III
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72(9)

38. Plaintiff incorporates Paragraphs 1 through 37.

39. Defendants SMC attempted to enforce a debt when it knew that the amount was not valid in violation of Fla. Stat. §559.72 (9).

40. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant SMC for:

    a. Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's communication with Plaintiff violates the FCCPA;

    d.    permanently enjoining Defendant from direct communication with Plaintiff; and

    e.    Such other or further relief as the Court deems proper.

### JURY DEMAND

41.    Plaintiff demands trial by jury.

Respectfully Submitted,

/s/ Jibrael S. Hindi                .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:       855-529-9540